**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **ACCENT PACKAGING, INC.** | § | **Case No. _____** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PINNACLE WIRE GROUP, LLC** and | § | |
| **PINNACLE WIRE, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## <u>COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Accent Packaging, Inc., and would respectfully show as follows:

### Parties

1.     Plaintiff, Accent Packaging, Inc. d/b/a Accent Wire-Tie is a Texas corporation with its principal place of business in Spring, Texas.

2.     Defendant, Pinnacle Wire Group, LLC is a Pennsylvania limited liability company that can be served with process by and through its registered agent, Kisiel & Associates, PC, 815b Memorial Blvd., Connellsville, PA 15425.

3.     Defendant, Pinnacle Wire, LLC is an Oklahoma limited liability company that can be served with process by and through its registered agent, David Weinand, at 3505 Interstate Dr., Norman, OK 73069.

### Jurisdiction and Venue

4.     This Court has subject matter jurisdiction based on both a federal question and

diversity of citizenship.  This complaint seeks remedies for trademark infringement under the Lanham Act.  See 15 U.S.C. § 1121; 28 U.S.C. § 1331 and 1338(a).  Moreover, the parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

5.    Personal jurisdiction over the defendants is proper in Texas as the defendants have systematic and continuous activity in Texas and the cause of action arises out of their activities in Texas.  The Texas long arm statute extends as far as the constitutional requirements of due process will allow.  TEX. CIV. PRAC. & REM. CODE § 17.042.

6.    Venue is proper in this district in that defendants "reside" in this jurisdiction within the meaning of 28 U.S.C. § 1391(c).

## Background Facts

7.    Plaintiff, Accent Packaging, Inc. d/b/a Accent Wire-Tie, provides wire tie systems, parts, service, and supplies used to bale recyclables and waste for easy handling. Accent has been in the wire tying business since 1986.  Accent sells both wire and wire-tying machines throughout the United States.

8.    Accent holds a valid trademark for the mark "Pinnacle," registered with the United States Patent and Trademark Office under U.S. Serial # 77958658, bearing a registration date February 01, 2011.  (Ex. 1).  The "Pinnacle" trademark is used to delineate a brand of wire-tying products that utilize Accent's advanced, patented, wire-tying technology.

9.    Defendant Pinnacle Wire Group, LLC was created on July 21, 2013.  Defendant, Pinnacle Wire, LLC was created on December 10, 2015.  The defendant Pinnacle Wire entities are actively marketing their wire products in the market where Accent does business, seeking to capitalize on the prestige and reputation of Accent's "Pinnacle" brand.  According to the Pinnacle Wire website:

> We service the recycling, industrial, construction and agricultural industries through our five locations throughout the USA.  This distribution network allows us to reduce lead times and freight costs, saving you time and money.

(www.http://pinnaclewire.com/about-us/).

10.     Defendants are marketing their products directly to Accent's customers in an attempt to displace the purchase of comparable products and services offered by Accent. Defendants are deliberately deceiving Accent's customers as to the origin, sponsorship, affiliation and approval of their products through the unauthorized use of Accent's registered "Pinnacle" trademark.  The registered mark is presumptively valid and it is readily apparent that defendants' use of the registered mark to sell wire products to Accent's customers is likely to cause confusion, mistake, and to deceive.

## Count I - Trademark Infringement

11.     As the holder of a valid, registered trademark, Accent has the exclusive right to use the "Pinnacle" mark in commerce in connection with industrial wire tying products.  15 U.S.C. § 1115.

13.     Defendants' use of the registered "Pinnacle" mark in connection with the marketing of wire-tying products and services is likely to cause confusion, mistake, and to deceive  15 U.S.C. § 1114.

14.     Defendants' use of the registered "Pinnacle" is misleading and likely to cause confusion or mistake and to deceive as to the affiliation, connection, or association of such entities with Accent and as to the origin, sponsorship, or approval of their products by Accent. 15 U.S.C. § 1125.

**Damages**

15.     Remedies available under the Lanham Act include injunctive relief, defendants' profits, damages sustained by the Plaintiff, attorney's fees, and costs.  Accent seeks a temporary and permanent injunction, disgorgement of defendants' profits, treble damages for intentional counterfeiting of Accent's registered mark, attorneys' fees, and costs.

16.     Accent seeks a temporary and permanent injunction barring the defendants' use of the registered mark.  Accent seeks an accounting and disgorgement of all profits earned by the defendants for products marketed under the registered mark.  Accent seeks enhanced damages for the deliberate misuse of the registered mark.  Accent seeks to recover its attorney's fees and costs.  Accent further seeks all other relief, at law or in equity, to which it may show itself to be justly entitled.

**Jury Trial**

17.     Accent respectfully requests a jury trial as to all issues so triable.

**Prayer for Relief**

18.     Wherefore, Accent prays for the following relief against defendants Pinnacle Wire Group, LLC and Pinnacle Wire, LLC:

        a.      A judgment that defendants are infringing Accents trademark in violation of 15 U.S.C. § 1114 and § 1125.

        b.      Preliminary and permanent injunctive relief enjoining defendants, their officers, directors, affiliates, agents, servants, employees, and all those persons in privity or in concert with any of them from directly or indirectly making, using, selling, offering to sell, importing into the United States any infringing products or inducing or contributing to infringement of the Accent's registered mark in accordance with 15 U.S.C. § 1116.

c.      An award of damages for defendants' infringement of the registered mark, together with interest (both pre-judgment and post-judgment) costs, and attorneys' fees, as determined by this Court in accordance with 15 U.S.C. § 1114.

d.      A declaration that defendants' infringement of the registered mark was willful and intended to cause confusion, mistake, or to deceive, and award to Accent three times the amount of defendants' profits and damages and losses sustained by Accent, and all other damages allowed under 15 U.S.C. § 1117.

e.      Accent further prays for all other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

JOHN C. ALLEN, P.C.


/s/ *John C. Allen*
John C. Allen
T.B.A. No.:    01042800
Fed. Bar No.   6322
Aaron D. Weinberg
T.B.A. No.:    00795714
Fed. Bar No.:  20048
1600 Two Houston Center
909 Fannin, Suite 1600
Houston, TX 77010
(713) 654-7000 (Telephone)
(713) 654-7074 (Facsimile)

ATTORNEYS FOR PLAINTIFF
ACCENT PACKAGING, INC.